Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>JAAV, INC. Y OTROS<br><br>Peticionarios | KLCE202400077 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: K EF2008-0179<br>Sala: 1002<br><br>Sobre: Expropiación Forzosa |

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa.

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de marzo de 2024.

Comparece, JAAV, Inc. (en lo sucesivo, "el peticionario"), mediante una *Petición de Certiorari*. En su recurso, nos solicita que se expida el auto solicitado y se revoque la Resolución emitida el 18 de diciembre de 2023, notificada el 20 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI"). Mediante dicho dictamen, el TPI declaró *Ha Lugar* la solicitud de desistimiento presentada por la Autoridad de Acueductos y Alcantarillado de Puerto Rico (conocida por sus siglas "AAA", y en lo sucesivo "la recurrida")

Por los fundamentos que expondremos a continuación, desestimamos el recurso presentado.

**I.**

El 2 de abril de 2008, la recurrida, representada por su presidente ejecutivo, Jorge Rodríguez Ruiz instó *Demanda* de expropiación forzosa, a los efectos de adquirir un predio de terreno de 100,6845 metros cuadrados, equivalentes a 0.0256 cuerdas, radicado en el Barrio Palmas

y cuatro calles del término municipal de Arroyo, Puerto Rico. La recurrida incluyó a el peticionario y al Estado Libre Asociado de Puerto Rico, como partes con interés en el pleito correspondiente. En su solicitud, alegó que la adquisición en pleno dominio sobre el predio de terreno en el cual se ubicaba el pozo de agua propiedad objeto de esta acción era de necesidad y utilidad pública, ello, dado que cumplía con los propósitos de la Ley Orgánica de la Autoridad de Acueductos y Alcantarillados de Puerto Rico, Ley Núm. 40 de 1 de mayo de 1945, 22 LPRA sec. 141. Así pues, la recurrida solicitó que se declarara *Ha Lugar* la Demanda de epígrafe y se ordenara la entrega, la investidura y la inscripción del título de pleno dominio de la propiedad objeto de la acción a su favor. Además, peticionó que se determinara una compensación justa y razonable por dicha propiedad a las personas con derecho a esta. En respuesta, el 31 de octubre de 2008, TPI emitió una *Resolución*, mediante la cual declaró el pleno dominio y la expropiación de la propiedad a favor de la recurrida. Se ordenó la notificación y entrega de copia de la resolución a las partes con interés.

Luego de ser debidamente emplazadas las partes y de varios tramites procesales que no son pertinentes para la controversia de autos, el 17 de mayo de 2023, la recurrida presentó *Moción de Desistimiento de la Autoridad de Acueductos y Alcantarillados*. Mediante esta, planteó la inexistencia del fin público que se pretendía obtener cuando se presentó la petición de expropiación forzosa. Apoyó su solicitud, al amparo de lo dispuesto en la Regla 58.8 (c) de Procedimiento Civil de 2009, 32 LPRA. En consecuencia, solicitó al foro recurrido el desistimiento del caso. Además, peticionó que se ordenara al Registrador de la Propiedad la realización de los trámites correspondientes, en los Libros del registro.

En desacuerdo, el 9 de junio de 2023, el peticionario presentó una *Réplica y Oposición a Moción de Desistimiento*. Sostuvo, que desistir de la reclamación bajo el supuesto de que la propiedad no cumple con el fin público consiste en un abuso del derecho. Ello, toda vez que, había

expropiado y utilizado por quince (15) años la propiedad sin una justa compensación y sin resarcir los daños ocasionados. Argumentó, que la Carta de Derechos de los Estados Unidos, en su Quinta Enmienda, establece que ninguna persona será privada de su propiedad para uso público sin justa compensación. Del mismo modo arguyó, que la Carta de Derechos de la Constitución de Puerto Rico, establece que no se tomará ni perjudicará la propiedad privada para uso público sin la debida compensación. Art. II, Sec. 9, Const. ELA, LPRA, Tomo 1. Ante tales argumentos, el peticionario solicitó que la recurrida demostrara que su desistimiento no era perjudicial al interés público y que su costo no es superior a la expropiación misma; que se prepararan los informes de valor del bien expropiado y que se pusieran a disposición los expedientes del pozo.

De la misma forma, el 10 de julio de 2023, la recurrida, presentó *Réplica a Moción en Oposición a Desistimiento*. En esta moción, la recurrida, argumentó que los planteamientos constitucionales esbozados por la parte con interés son inconsecuentes en esta etapa de los procedimientos. En segundo lugar, planteó que el peticionario, no había provisto fundamento alguno en apoyo de su posición y que la Sec. 5 (d) de la Ley de Expropiaciones, 32 LPRA sec. 2910, autoriza el desistimiento. Por último, alegó que el hecho de que hubiese una política púbica no impedía un desistimiento.

El 18 de diciembre de 2023, el TPI, notificó la determinación que nos ocupa. En dicho dictamen, el foro recurrido declaró *Ha Lugar* la Moción de Desistimiento, pautando juicio para la adjudicación de daños.

Inconforme, el 19 de enero de 2023, el peticionario, compareció ante este Tribunal mediante el presente auto de *certiorari*. En su escrito señaló los siguientes errores:

**Primer señalamiento de Error**
**Erró el Honorable Tribunal de Expropiaciones al autorizar el desistimiento de la expropiación sin requerir a la Peticionaria someter Exhibit A, o evidencia**

**fehaciente de cúal fue el bien incautado, a la fecha de la Petición.**

**Segundo señalamiento de Error**
**Erró el Honorable Tribunal de Expropiaciones al autorizar el desistimiento de la expropiación sin requerir a la Peticionaria que evidencia la existencia actual del inmueble incautado.**

**Tercer señalamiento de Error**
**Erró el Honorable Tribunal de Expropiaciones al autorizar el desistimiento de la expropiación sin requerir a la Peticionaria que presentara declaración sobre que el fin público ya no existe, por parte de persona autorizada, según lo dispone la Regla 58 de las de Procedimiento Civil.**

**Cuarto señalamiento de Error**
**Erró el Honorable Tribunal de Expropiaciones al autorizar el desistimiento de la expropiación s***in re***querir a la Peticionaria celebración previa de vista, según lo requiere la Regla 58 de las de Procedimiento Civil.**

**II.**

**A. Certiorari**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, 32 LPRA sec. 3491. Al atender un recurso de *certiorari* para revisar alguna orden o resolución interlocutoria emitida por el foro de instancia, el Tribunal de Apelaciones solo podrá expedir el auto cuando se recurra de una orden o resolución al amparo de las Reglas 56 y 57 de Procedimiento Civil, 32 LPRA Ap. V. *Torres González v. Zaragosa Meléndez*, 211 DPR 821, 847 (2023). De igual forma, para que un Tribunal de mayor jerarquía pueda rectificar aquellos errores jurídicos cometidos por el TPI, es necesario que se tomen en consideración aquellos criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B

Es importante señalar, no obstante, que la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros". En el caso particular del TA, sus oficios se encuentran enmarcados dentro de los criterios esbozados, los cuales pautan para la expedición del *certiorari*. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

### B. Perfeccionamiento del recurso

Nuestro ordenamiento jurídico reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior. *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 589 – 590. No obstante, este derecho está sujeto a las limitaciones legales y reglamentarias pertinentes, entre ellas, su correcto perfeccionamiento. *Íd.* La apelación en nuestro sistema no es automática; presupone una notificación, un diligenciamiento y su perfeccionamiento. *Morán v. Martí*, 165 DPR 356, 367 (2005). Los abogados están obligados a dar fiel cumplimiento al trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, y no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias aplican y cuándo. *Pueblo v. Pérez Delgado*, 211 DPR 654, 671 – 672 (2023). De esta forma, es tarea del peticionario presentar al foro revisor la prueba oral bajo la que se pretende impugnar las determinaciones del tribunal *a quo*. *Íd.* El perfeccionamiento adecuado de un recurso depende, entre otras

cosas, de la oportuna representación y notificación del escrito a las partes. *Metro Senior v. AFV*, 209 DPR 203, 209 (2022).

Es necesario destacar que la Regla 32(c) del Reglamento del Tribunal de Apelaciones, establece el término para presentar un recurso de *certiorari*. Específicamente, esta dispone:

*Regla 32 — Término para presentar el recurso de "certiorari"*

> (C) El recurso de certiorari para revisar las resoluciones finales en procedimientos de jurisdicción voluntaria dictadas por el Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha de archivo en autos de una copia de la notificación de la resolución u orden recurrida. Este término es jurisdiccional.
> 4 LPRA Ap. XXII-B, R. 32(c)

Según *Peña Lacern v. Martínez Hernández et al.*, 210 DPR 425, 443 (2022) "un plazo fatal o jurisdiccional es improrrogable, es decir, no se puede extender a discreción, además que su incumplimiento no es subsanable. El incumplimiento de una parte con un término jurisdiccional o fatal establecido por ley priva al tribunal de jurisdicción para atender los méritos de la controversia." Precisamente la Regla 83 del Reglamento del Tribunal de Apelaciones, recoge todo lo relacionado al proceso de desistimiento y desestimación. Esencialmente en sus incisos (b) y (c) establece:

Regla 83 — *Desistimiento y desestimación*

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por
> los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> **(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello**;
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
> (5) que el recurso se ha convertido en académico.
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.
> 4 LPRA Ap. XXII-B, R. 83

Por otro lado, para que se perfeccione el recurso de *certiorari* es necesario que se les notifique debidamente a las partes. La Regla 33(b) del Reglamento del Tribunal de Apelaciones, requiere que la parte peticionaria notifique "la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación, a los abogados o abogadas de récord, o en su defecto, a las partes". 4 LPRA Ap. XXII-B, R. 33(b). Es importante destacar, que la parte peticionaria deberá cumplir con aquellos requisitos que se han establecido en el contenido de la solicitud de *certiorari*. Específicamente la Regla 34(b) del Reglamento del Tribunal de Apelaciones, requiere que haya "un índice detallado de la solicitud y de las autoridades citadas conforme a lo dispuesto en la Regla 75 de este Reglamento." 4 LPRA Ap. XXII-B, R. 34(b). Así pues, la Regla 75 del Reglamento del Tribunal de Apelaciones, detalla lo que se debe incluir en esos índices. Esencialmente, esta dispone lo siguiente:

Regla 75 — *Índices*

> Cualquier escrito al Tribunal de Apelaciones que conforme a estas reglas requiera un índice, excepto los índices a un Apéndice y los índices al legajo, Reglas 74 y 77, respectivamente, se ajustarán a las normas siguientes:
> (A) Habrá un Índice de Materias en el que se señalarán las páginas del escrito donde comienzan las diferentes partes de éste. Cuando en el índice se haga referencia a los puntos planteados por el recurso, se expondrá en el propio índice el texto íntegro de los respectivos planteamientos.
> (B) Seguirá al Índice de Materias un Índice Legal detallado que indicará todos los casos citados en el escrito en orden alfabético y las páginas en que éstos se citan. Se ordenarán por separado los casos de Puerto Rico, los casos federales y los casos de otras jurisdicciones. Se hará otro tanto con toda la legislación citada y luego con los comentaristas, artículos de revistas y otras fuentes análogas.
> 4 LPRA Ap. XXII-B, R. 75

**III.**

El 19 de enero de 2024, último día para presentar su recurso ante este Tribunal, el peticionario presentó Alegato del Recurrente. En dicho escrito solicitó, que se revocara la Resolución emitida por el foro de Instancia, declarando Ha Lugar la Moción de Desistimiento presentada por la recurrida y pautó el inicio del Juicio de daños por desistimiento. Sin embargo, al presentar su recurso no lo notificó a la otra parte de una forma adecuada, al no incluir los índices requeridos por el Reglamento del Tribunal de Apelaciones, *supra*. Pasada la fecha límite para presentar su recurso, el 20 de enero de 2024, el peticionario decide notificarle a la parte recurrida los índices correspondientes. En reacción, la parte recurrida presentó una *Moción de Desestimación por Falta de Jurisdicción*. En síntesis, alegó la falta de jurisdicción de este Tribunal, pues el recurso presentado por el peticionario no estaba perfeccionado.

Para que un recurso de *certiorari* quede perfeccionado es necesario que el peticionario cumpla a cabalidad con nuestras disposiciones reglamentarias. Como fue discutido anteriormente, es requisito esencial que el recurso de *certiorari* sea presentado dentro del término de treinta (30) días siguientes a la fecha del archivo en autos. Además, es necesario que antes de expirado el referido término el recurso sea notificado adecuadamente a la otra parte.

En el presente caso, el peticionario incumplió al no notificar al recurrido su recurso junto al sello con la hora y fecha de la presentación, así como los índices que se requiere que se muestren en su contenido. El peticionario no mostró justa causa para no cumplir con dichas disposiciones reglamentarias, lo cual es de estricto cumplimiento. Las referidas inadvertencias, conllevan la desestimación del recurso, ya sea a iniciativa propia del Tribunal o a solicitud de parte. Así pues, actuó diligentemente la parte recurrida al presentar su *Moción de Desestimación*, luego de percatarse que el peticionario había incumplido

con el requisito de una notificación adecuada. Por ello, procede que desestimemos el recurso presentado por el peticionario.[1]

**III.**

Por los fundamentos expuestos, desestimamos el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] Destacamos, que aun si el peticionario hubiera presentado una justa causa, por la cual se hubiera evitado la desestimación de su recurso, nuestra decisión se hubiera inclinado a denegar el auto de *certiorari* presentado. Ello, por no cumplir con los requisitos dispuestos en la Regla 40 de este Tribunal.